```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND

JESSE WHITAKER                  *
                                *
          v.                    *     Civil Action WMN-09-CV-1964
                                *
UNITED STATES OF AMERICA,       *
et al.                          *

  *     *     *     *     *     *     *     *     *     *     *     *
```

**MEMORANDUM**

Before the Court is Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Paper No. 7.  The motion is fully briefed.  Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion to dismiss must be converted to a motion for summary judgment. As Plaintiff must be given notice of the conversion and a reasonable opportunity to respond to the converted motion, Plaintiff will be given 14 days from the entry of this Court's order to amend his opposition to Plaintiff's motion in accordance with this order.  Defendant will then have 11 days in which to file an amended reply.

Plaintiff Jesse Whitaker, a federal prison inmate, filed this action pro se under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), alleging constitutional violations with regard to medical treatment he received while incarcerated at the Federal Correctional Institution in Cumberland, Maryland

1

("FCI Cumberland").  Plaintiff alleges that in approximately January 2006 he began experiencing excruciating pain in his neck, arm, and shoulder.  He alleges that over the course of several months, Defendants Nurse Deirdre Mull and Dr. M.S. Moubarek refused to provide him proper medical treatment for his injuries and were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.  Plaintiff filed requests for an administrative remedy with his unit team and the Warden and a tort claim with the region.  Plaintiff also sought the assistance of Senator Barbara A. Mikulski who was able to secure medical treatment for Plaintiff.

According to Plaintiff, the period between which Plaintiff first sought medical treatment and the time when he actually received it was approximately one year.  Plaintiff alleges that within that one year he sustained irreparable lost muscle mass and nerve damage, which would not have occurred in the absence of the delay in treatment.  Plaintiff also alleges that as a result of the injuries, he experienced a nervous breakdown.  Plaintiff is seeking damages to recompense him for the irreparable injury and the pain and suffering that he experienced as a result of the delay in treatment as well as various forms of injunctive relief.

Defendant has moved to dismiss the Complaint based on a lack of subject matter jurisdiction, arguing that Plaintiff

failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1197e(a), and for a failure to bring his claim within the applicable three-year statute of limitations.[1]  Defendant is correct that Plaintiff is required to exhaust his administrative remedies before bringing his Bivens claim.  42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 532 (2002).  Defendant mistakenly argues, however, that the question of exhaustion applies to whether Plaintiff has sufficiently alleged subject matter jurisdiction within his Complaint.  The Supreme Court in Jones

---

[1] Defendant's argument for dismissal based on the statute of limitations is denied.  Plaintiff agrees with Defendant that the appropriate statute of limitations for Plaintiff's Bivens claim is 3 years.  Arawole v. Gaye, Civ. No. 02-167, 2002 WL 32356684, at *1 (D. Md. Feb. 5, 2002).  Plaintiff also agrees that Defendant has correctly stated the test for when his claim accrued, i.e., "when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury."  Gould v. U.S. Dep't of Health & Human Servs., 905 F.2d 738, 742 (4th Cir. 1990), cert. denied, 498 U.S. 1025 (1991).  Defendant incorrectly construes the nature of Plaintiff's claim, however, and thus, when it accrued.  Defendant's claim is not to receive medical treatment, a claim that would have accrued when he was first aware that he had an injury and was denied treatment.  Rather, Defendant's claim is to recover damages for irreparable injuries that occurred due to the delay in providing him with medical treatment.  Plaintiff did not know that he had an irreparable injury due to the delay, nor could he have known, until after he had actually been provided with treatment for his original injury in October 2006.  Accord Cox v. A.M. Stanton, M.D., 529 F.2d 47 (4th Cir. 1975) (holding that where the plaintiff had been forcibly sterilized, her claims for damages did not accrue until she discovered that the sterilization was permanent rather than reversible as originally informed).  As Plaintiff filed his Complaint in July 2009, Plaintiff's claim is not barred by the statute of limitations.

v. Bock held that the failure to exhaust under PLRA is an affirmative defense.  549 U.S. 199, 216 (2007).  Because it is an affirmative defense, Plaintiff did not need to specially plead or demonstrate exhaustion in his Complaint.  Id.

Although Plaintiff references administrative remedies he filed in his Complaint, it is unclear from the pleading whether Plaintiff exhausted his remedies or not.  In support of its motion, Defendant attached a Declaration of Kevin Littlejohn and a list and description of every administrative remedy submitted by Plaintiff in order to prove that Plaintiff has not exhausted his administrative remedies.  Because Plaintiff is asking this Court to dismiss Plaintiff's claims based on an affirmative defense, rather than for lack of subject matter jurisdiction, and because the decision of whether to dismiss requires the Court to look at matters outside the pleadings, the motion is more properly one for summary judgment and the Court will treat it as such.  See e.g., Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

In converting Plaintiff's motion, the Court must provide the parties "a reasonable opportunity to present all material that is pertinent to the motion."  See Fed. R. Civ. P. 12(d); Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985).  The Fourth

4

Circuit has interpreted "reasonable opportunity" under Rule 12(d) as requiring that "all parties be given some indication by the court . . . that it is treating the 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." Gay v. Wall, 761 F.2d at 177 (internal citations omitted).

Plaintiff in his Complaint states that he filed a BP-8 and a BP-9 with his unit team and the Warden. He also says that he filed a tort claim with the region. Defendant in its motion to dismiss argues that the administrative remedy available to Plaintiff was the Bureau of Prison's Administrative Remedy Program, 28 C.F.R. § 542.10 et seq. The Administrative Remedy Program "applies to all inmates in institutions operated by the Bureau of Prisons . . . ." 28 C.F.R. § 542.10(b). It provides an opportunity for "an inmate to seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). While this administrative remedy may have been sufficient to address Plaintiff's injunctive relief, a separate remedy is available for Plaintiff's damages claim.

When an inmate has a tort claim, s/he must follow a different statutorily-mandated procedure that is found at 28 C.F.R. part 543, subpart C. 28 C.F.R. § 542.10(c). The tort claim must be filed with the regional office in the region where

the claim occurred.  28 C.F.R. § 543.31(c).  If the claim is accepted, the inmate will receive an acknowledgement letter showing the date the claim was filed and a claim number.  28 C.F.R. § 543.32(a).  If a claim does not contain all of the necessary information, it will be rejected and returned to the inmate requesting additional information.  Id.  If a claim is denied or the inmate is dissatisfied with a settlement offer, the inmate may request, in writing, that the Bureau of Prisons reconsider the claim in the administrative stage.  28 C.F.R. § 543(g).  Only after filing for reconsideration may an inmate file suit in the U.S. District Court.  Id.

According to Plaintiff's Complaint, he filed a tort claim with the region in addition to his requests under the Administrative Remedy Program.  Because Defendant addressed only the claims filed under the Administrative Remedy Program, however, Plaintiff responded only to that argument and evidence.  Thus, the Court believes that it is necessary to provide Plaintiff with sufficient notice that the Court is converting Defendant's motion to dismiss to a motion for summary judgment to provide Plaintiff with the opportunity to file an amended opposition to Defendant's Motion addressing the filing of the tort claim.

Plaintiff is reminded that when, as here, the defendant has attempted to demonstrate that there is no genuine issue of fact

6

by producing evidence entitling the defendant to summary judgment as a matter of law, that Plaintiff must, in order to withstand the motion for summary judgment, produce sufficient evidence in the form of depositions, affidavits, or other documentation which demonstrates that a triable issue of fact exists for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Unsupported speculation is insufficient to defeat a motion for summary judgment.  Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing Ash v. United Parcel Serv., Inc., 800 F.2d 409, 411-12 (4th Cir. 1986)).  In light of the fact that Plaintiff alleges that the Federal Bureau of Prisons lost all of his documents relating to his administrative remedy filings, Plaintiff should submit a sworn affidavit with his memorandum testifying as to all of the details of any administrative remedies related to this case, including any tort claims, filed by Plaintiff.  The facts should include dates, with whom the request was filed, details of the request made, any response received, any appeals taken, and, if none were taken, an explanation as to why not.

   Thus, Plaintiff is hereby given notice that Defendant's Motion to Dismiss will be converted to a motion for summary judgment.  As such, Plaintiff has 14 days from the entry of this Court's order with which to respond with an amended opposition brief addressing the exhaustion argument.  Defendant will then

have 11 days from the filing of Plaintiff's Amended opposition in which to file an amended reply.  A separate order will issue.

```
                          _____/s/_____
                          William M. Nickerson
                          Senior United States District Judge
```

December 17, 2009